THOMAS J. BAILEY, Respondent, *v.* JOHN S. KIMBROUGH, Appellant.

1. *Venue—Practice.*—Judgment reversed because the court refused a change of venue, the circuit judge having been of counsel.

*Appeal from the Greene County Circuit Court.*

This was an action instituted in the Circuit Court for Greene county, by respondent against appellant, on two promissory notes, on which Bailey alleged in his petition a partial payment had been made, but that Kimbrough had obtained possession of the notes by fraud, and wrongful and fraudulent representations, &c., and claimed judgment for the balance of the principal and interest due on said notes. Kimbrough

filed an answer to this petition, denying that he obtained possession of the notes sued on by fraud, or wrongful and fraudulent representations, but that he obtained the notes fairly, honestly and lawfully, by settling the same and paying Bailey therefor to his full satisfaction, whereby all indebtedness respecting said notes was fully and completely satisfied, paid and discharged, and that Bailey thereupon surrendered and delivered said notes to defendants in token and evidence of such payment and satisfaction. Kimbrough after the filing of the answer, on the 25th of July filed an application for a change of venue, verified by affidavit, alleging as ground for a change that the judge of the court had been of counsel in the cause; which application was overruled, to which ruling defendant excepted. The cause then came up for trial by a jury on the 9th day of August. Bailey then introduced the following evidence, the petition of plaintiff, and the answer of defendant: the testimony of John L. Holland, who stated that in November, 1861, the defendant Kimbrough told him he had purchased his note indebtedness from plaintiff of sixteen hundred dollars at twenty-five cents on the dollar, and that plaintiff had then delivered up his notes. He, the defendant, said he had heard plaintiff would take that amount, and had followed him out of town and consummated the trade. Defendant said he told plaintiff that he was indebted to Wilson Hackney, and he intended to see him paid first; that then plaintiff could take his chances with his other creditors; that he would not put his property out of his hands; he believed if things went right he would be able to pay his debts. Plaintiff also introduced Jas. S. McQuirter, who stated that defendant told him about November, 1861, that he had paid plaintiff what he owed him, by giving him twenty-five cents on the dollar, with plaintiff's consent and agreement. This was all the evidence introduced by plaintiff. Defendant then introduced the pleadings as evidence, and also C. B. Holland, who stated that after the transaction above referred to, he saw plaintiff at Rolla, and twitted him with having sold his claim on defendant so low; told plaintiff he

would have done better for him; that Bailey expressed himself that it was the best he could do; said half a loaf was better than no bread, and admitted he had taken between four and five hundred dollars on the entire claim, as he, Holland, understood in satisfaction of the whole claim. This was all the evidence. The jury found in favor of the plaintiff, and the court entered judgment. The defendant then filed his motion for a new trial, &c.

*Krum, Decker & Lindenbower*, for respondent.

*Ewing & Sherwood*, for appellant.

HOLMES, Judge, delivered the opinion of the court.

The record and bill of exceptions in this case are very defective in form, but enough appears to enable us to see that a judgment was rendered for the plaintiff without any evidence to support it, and when the evidence which was offered by the plaintiff tended to sustain the defence set up in the answer.

The bill of exceptions shows that an application for a change of venue was made on the day of the trial, and before a jury was called, supported by affidavit of the party, on the ground that the judge had been of counsel in the cause, and that the application was overruled. The facts do not sufficiently appear to enable us to say whether reasonable notice had been given or not, but we are inclined to think a change of venue should have been granted.

We think best to reverse the judgment and remand the case for a new trial, when the rights of the parties may be adjudicated in a more satisfactory manner.

Judgment reversed and cause remanded; the other judges concurring.